MEMORANDUM OF DECISION
This case involves an Application for the Termination of Parental Rights of Thomas B. to his daughter, Ashley E.
The Application was originally filed in the Probate Court by the child's mother, Elena. On April 10, 1995, the Probate Court terminated the parental rights of Thomas B., having found he had abandoned the child and engaged in acts of omission or commission (Myer, J.). This termination order was timely appealed to the Superior Court for Juvenile Matters, and a trial de novo subsequently took place.
In a Memorandum of Decision dated November 23, 1999, this court found, by clear and convincing evidence, that Ashley had been abandoned by her father in the sense that he had failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. Conn. Gen. Stat. § 45a-717 (g)(2)(A). CT Page 4732
In its Memorandum of Decision, the court ordered an evaluation of Ashley and an evaluation of Thomas by a licensed clinical psychologist to assist the court in its ruling on the dispositional phase of the petition. The court, on its own motion, reopened the trial for purposes of ordering the evaluations completed and provided to the court. After the evaluations were completed, the trial was recommenced for the purpose of allowing all counsel the opportunity to examine the evaluator.
"Our statutes and case law make it crystal clear that the determination of the child's best interest comes into play only after statutory grounds for termination of parental rights have been established by clear and convincing evidence." In re Valerie D.,223 Conn. 492, 511 (1992). The court has already found by clear and convincing evidence that statutory grounds for termination of parental rights have been established.
After carefully considering the evidence presented in this case, the court finds by clear and convincing evidence that it is in the best interest of Ashley to terminate the parental rights of her father, Thomas B. Conn. Gen. Stat. § 45a-717 (g)(1).
Ashley is now almost twelve years old. She has not seen her father since 1991. The court ordered psychological evaluations of Thomas B. and Ashley E. were performed by Nancy Randall. She found that Ashley's functioning overall falls within the range generally expected of a three to five year old child and that she is a mentally retarded child. She found that Ashley cannot understand complex situations and does not have good coping skills to draw upon when faced with difficulties. Like other children with mental retardation, she does best with a high degree of structure and predictability in her life. She is likely to become unnerved by changes to her routine and is likely to react with confusion and emotional turmoil. Ms. Randall also found that Ashley does not have the ability to understand the complicated factors involved in this case and can only become destabilized by this additional source of turmoil and uncertainty.
Additionally, Nancy Randall found that no one can reasonably predict that Thomas B. will be available to maintain a consistent relationship with Ashley over a long period of time. Specifically, she found that there is over a fifty percent chance of his reverting to drugs and/or being reincarcerated once he is released from prison. She also found that it would be very difficult for Ashley if the relationship was disrupted and that she might blame herself for her father's failure to maintain the relationship. Based on these CT Page 4733 findings, Ms. Randall recommended that Thomas B. not be given the opportunity to attempt to establish a relationship with Ashley as such a relationship would have a high likelihood of having a harmful effect on her.
Given Ashley's cognitive limitations, her father's severe substance abuse and incarceration throughout the majority of Ashley's life, his lack of a track record of being able to stay substance free while not incarcerated, and the results of the psychological evaluations, this court finds by clear and convincing evidence that it is in the best interest of Ashley to terminate the parental rights of her father, Thomas B. Accordingly, the parental rights of Thomas B. are hereby terminated and Elena E. shall be the sole parent and guardian of Ashley.
ROGERS, JUDGE.